Chief Justice ROBERTS, concurring in part and dissenting in part.
The Lanham Act directs the Patent and Trademark Office to refuse registration to marks that consist of or comprise "immoral, deceptive, or scandalous matter." 15 U.S.C. § 1052(a). Although the statute lists "immoral" and "scandalous" separately, the PTO has long read those terms together to constitute a unitary bar on "immoral or scandalous" marks.
The Government concedes that the provision so read is broad enough to reach not only marks that offend because of their mode of expression (such as vulgarity and profanity) but also marks that offend because of the ideas they convey. The Government urges, however, that the provision can be given a narrowing construction-it can be understood to cover only marks that offend because of their mode of expression.
The Court rejects that proposal on the ground that it would in effect rewrite the statute. I agree with the majority that the "immoral" portion of the provision is not susceptible of a narrowing construction that would eliminate its viewpoint bias. As Justice SOTOMAYOR explains, however, the "scandalous" portion of the provision is susceptible of such a narrowing construction. Standing alone, the term "scandalous" need not be understood to reach marks that offend because of the ideas they convey; it can be read more narrowly to bar only marks that offend because of their mode of expression-marks that are obscene, vulgar, or profane. That is how the PTO now understands the term, in light of our decision in Matal v. Tam , 582 U. S. ----, 137 S.Ct. 1744, 198 L.Ed.2d 366 (2017). See Tr. of Oral Arg. 4-5. I agree with Justice SOTOMAYOR that such a narrowing construction is appropriate in this context.
I also agree that, regardless of how exactly the trademark registration system is best conceived under our precedents-a question we left open in Tam -refusing registration to obscene, vulgar, or profane marks does not offend the First Amendment. Whether such marks can be registered does not affect the extent to which their owners may use them in commerce to identify goods. No speech is being restricted; no one is being punished. The owners of such marks are merely denied certain additional benefits associated with federal trademark registration. The Government, meanwhile, has an interest in not associating itself with trademarks whose content is obscene, vulgar, or profane. The First Amendment protects the freedom of speech; it does not require the Government to give aid and comfort to those *2304 using obscene, vulgar, and profane modes of expression. For those reasons, I concur in part and dissent in part.